James R. Paganelli, Esq., Essex County Counsel
By:  Alan Ruddy, Esq., Assistant County Counsel
Office of the Essex County Counsel, Hall of Records, Rm. 535
465 Dr. Martin Luther King, Jr., Blvd., Newark, NJ 07102
Tele: (973) 621-5021
(Attorney for Defendants, County of Essex, Alfaro Ortiz, Roy L. Hendricks and Ms. Green)

|  |  |  |
|---|---|---|
|  | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY | |
| CHUCUAN WINSTEAD, | : | |
| Plaintiff, | : | Civil Action No. 2:13-cv-05147 |
| v. | : | |
|  |  | CIVIL ACTION |
| COUNTY OF ESSEX, ET AL. | : | ANSWER AND THIRD PARTY COMPLAINT |
| Defendants. | : | |
| And | : | |
| COUNTY OF ESSEX, ET AL. |  | |
| Defendants/Third Party Plaintiffs, | : | |
|  | : | |
| v. | : | |
| CFG, INC. | : | |
| Third Party Defendants. | : | |

Defendants, County of Essex, also improperly pled as Essex County Department of Corrections, Alfaro Ortiz, Roy L. Hendricks and Ms. Green, by way of answer to the within complaint say:

## CIVIL ACTION COMPLAINT

1. They admit the allegations of paragraphs 1 and 2 of the within complaint.

2. They are without information sufficient to form a belief as to the truth or falsity of paragraph 3 of the within complaint.

3. They deny the allegations of paragraphs 4 through 8 of the within complaint.

4. They admit the allegations of paragraph 9 of the within complaint.

5. They are without information sufficient to form a belief as to the truth or falsity of paragraphs 10 through 16 of the within complaint.

6. They deny the allegations of paragraphs 17 through 21 of the within complaint.

7. They admit the allegations of paragraph 22 of the within complaint.

8. They are without information sufficient to form a belief as to the truth or falsity of paragraphs 23 and 24 of the within complaint.

9. They deny the allegations of paragraphs 25 through 38 of the within complaint.

WHEREFORE, Defendants, County of Essex, et al. respectfully demand plaintiff's complaint be dismissed and seeks cost to be assessed against the plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

The plaintiff's claim is barred under the doctrine of laches and unclean hands.

### SECOND SEPARATE DEFENSE

The claims against defendants are barred by the doctrines of res judicata and/or collateral estoppel.

### THIRD SEPARATE DEFENSE

The claims against defendants are barred for failure to state a claim against defendants upon which relief can be granted.

### FOURTH SEPARATE DEFENSE

The claims against defendants are barred by the Entire Controversy Doctrine.

### FIFTH SEPARATE DEFENSE

The claims against defendants are barred by the Doctrine of Equitable Estoppel.

### SIXTH SEPARATE DEFENSE

Plaintiff's claims are barred by applicable, law, rule, statute or regulations, including but not limited to the Statute of Limitations, controlling or requiring the institution of suit within a certain period of time following its accrual, was not complied with by the claimant, and accordingly, the claimant's claim is barred as a matter of law.

### SEVENTH SEPARATE DEFENSE

The defendants are immune from claims related to any injury caused by the failure to provide medical facilities.  N.J.S.A. 59:6-3.

### EIGHTH SEPARATE DEFENSE

The defendants are immune from claims related to any injury caused by any act or omission concerning the public health, or control.  N.J.S.A. 59:6-3.

### NINTH SEPARATE DEFENSE

The defendants are immune from claims related to any injury caused by the failure to make an examination or to make an adequate examination. N.J.S.A. 59:6-4.

### TENTH SEPARATE DEFENSE

The defendants are immune from claims related to any injury caused by any determination as to whether to confine a person, the terms of confinement, or whether to grant parole or leave, N.J.S.A. 59:6-6.

### ELEVENTH SEPARATE DEFENSE

The defendants are free of any and all negligence.

### TWELFTH SEPARATE DEFENSE

Any injuries or damages allegedly sustained by plaintiff were caused through the sole negligence of plaintiff.

### THIRTEENTH SEPARATE DEFENSE

Any injuries or damages allegedly sustained by plaintiff were caused through the sole negligence of any co-defendants.

## FOURTEENTH SEPARATE DEFENSE

Any injuries or damages which may have been sustained by plaintiff were caused through the sole negligence of third parties over whom the answering defendants had no control.

## FIFTEENTH SEPARATE DEFENSE

The defendants deny that they or anyone in their stead violated any duties or created any conditions which were the proximate cause of the damages sustained by the plaintiff.

## SIXTEENTH SEPARATE DEFENSE

The defendants affirmatively and specifically plead each and every defense, limitation or immunity provided to it under N.J.S.A. 59:1-1, et seq., the New Jersey Tort Claims Act.

## SEVENTEENTH SEPARATE DEFENSE

The defendants affirmatively and specifically plead each and every defense, limitation or immunity provided to it under N.J.S.A. 59:2-1, et seq., particularly N.J.S.A. 59:2-3 AND 59:2-4, 2:5, 2:6, 3-2, 3:6, and 3:7.

## EIGHTEENTH SEPARATE DEFENSE

The defendants affirmatively and specifically plead each and every defense limitation or immunity provided to it under N.J.S.A.59:3-3, et. seq.

## NINTEENTH SEPARATE DEFENSE

The defendants affirmatively and specifically pleads each and every defense, limitation or immunity provided to it under N.J.S.A. 59:4-1, et seq.,

including but not limited to, immunity for injuries caused solely by weather conditions under N.J.S.A. 59:4-7.

## TWENTIETH SEPARATE DEFENSE

The defendants affirmatively and specifically plead each and every defense

## TWENTY-FIFTH SEPARATE DEFENSE

Defendants acted in accordance with the laws of the State of New Jersey and the United States of America.

## TWENTY-SIXTH SEPARATE DEFENSE

Defendants acted in good faith and with reasonable and probable cause based on the then existing circumstances.

## TWENTY-SEVENTH SEPARATE DEFENSE

Defendants acted with legal justification.

## TWENTY-EIGHTH SEPARATE DEFENSE

Defendants took no action at any time to deprive the plaintiff of any federal, constitutional or statutory right of law.

## TWENTY-NINTH SEPARATE DEFENSE

Defendants acted on reasonable grounds and without malice and, therefore, are not responsible for damages to the plaintiff.

## THIRTIETH SEPARATE DEFENSE

Defendants acted within the scope of their authority and, therefore, has qualified immunity.

### THIRTY-FIRST SEPARATE DEFENSE

Defendants acted within the scope of their authority and, therefore, has Absolute Immunity.

### THIRTY-SECOND SEPARATE DEFENSE

Defendants acted within the scope of their authority and, therefore, has Governmental and Official Immunity.

### THIRTY-THIRD SEPARATE DEFENSE

Mere negligence on the part of any public official is insufficient to support a claim under 42 U.S.C. Section 1983.

### THIRTY-FOURTH SEPARATE DEFENSE

Defendants are not liable for punitive damages under the facts of this case.

### THIRTY-FIFTH SEPARATE DEFENSE

The Plaintiff has failed to comply with the requirements of the Prison Litigation Reform Act of 1995, specifically, but not excluding 42 U.S.C. Sec. 1997 (e) (a) regarding the applicability of administrative remedies.

### THIRTY-SIXTH SEPARATE DEFENSE

The answering defendants acted in good faith and within reasonable and probable cause based on then existing circumstances.

### THIRTY-SEVENTH SEPARATE DEFENSE

The County of Essex does not have an unlawful custom, practice and/or policy that deprived the plaintiff of any constitutional right.

### THIRTY-EIGHTH SEPARATE DEFENSE

The County of Essex was not negligent in the manner in which its employees were trained and/or supervised.

### THIRTY-NINTH SEPARATE DEFENSE

The plaintiff has not served an Affidavit of Merit pursuant to New Jersey Law.

### FORTIETH SEPARATE DEFENSE

The defendants did not violate any constitutional or statutory right of plaintiff both under State and Federal law.

### JURY DEMAND

The Defendants, Essex County Department of Corrections and Essex County Correctional Facility, demands a trial by jury as to all issues.

### CROSSCLAIM FOR CONTRIBUTIONS AND INDEMNIFICATION

Without admitting any liability whatsoever, this defendant hereby demands from any/all other defendants currently named or to be named to this action both, contribution and indemnification, pursuant to any/all applicable provisions of common law and/or contract and/or statute (including but not limited to The New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1, et seq.; The Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et. seq.; The New Jersey Tort Claims Act, N.J.S.A. 59:9-3 and 59:9-4 and/or, by way of demand for complete indemnification against all other defendants currently named or to be named, assert that any negligence on the part of this answering defendant is only

secondary, vicarious, and imputed, whereas the negligence of any/all such other defendant was primary, direct, and active.

## NOTICE OF TRIAL COUNSEL

Please take notice that Alan Ruddy, Esq. is hereby designated as Trial Counsel in the above captioned matter for the Office of the Essex County Counsel, pursuant to Rule 4:24 et seq.

                              **JAMES R. PAGANELLI**
                              **ESSEX COUNTY COUNSEL**
                              Attorneys for Defendants, Essex County,
                              Essex County Sheriff's Department and
                              James Stephens

                              By: s/Alan Ruddy, Esq.
                                  Alan Ruddy
                                  Assistant County Counsel

Dated: September 30, 2013

## CERTIFICATION PURSUANT TO R. 4:5-1

It is hereby certified pursuant to Rule 4:5-1 as follows:

To the best of my knowledge the matter in controversy is not the subject of any other pending action or arbitration proceeding and no such action or arbitration proceeding is contemplated. This party knows at the time of no other parties that should be joined as a defendant in this action by the plaintiff.

                                  s/Alan Ruddy_____
                                  Alan Ruddy
Dated: September 30, 2013       Assistant County Counsel

## **THIRD PARTY COMPLAINT**

The third party plaintiff/defendant, County of Essex, et al., repeats and re-alleges all their answers in their answer to plaintiff's compliant.

1. The County of Essex contracted with the third party defendant, CFG Inc. during the time period of the alleged action in this matter, to provide medical services at the Essex County Jail.

2. The third party defendant, CFG Inc., was responsible therefore for medical treatment of any and all inmates at the Essex County Jail.

3. If there is any liability for medical treatment at the Essex County Jail the third party plaintiff, County of Essex, et al., contends that the third party defendant, CFG Inc. is responsible for any and all medical treatment of plaintiff.

WHEREFORE, third party plaintiff demands judgment for damage and interest, cost of suit, and/or indemnification of any and all claims against the Essex County Third Party Plaintiffs.

*s/Alan Ruddy*
ALAN RUDDY
ASSISTANT COUNTY COUNSEL

DATED: September 30, 2013